UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO: 3:14cr69(MPS) |
| | : | |
| v. | : | March 27, 2015 |
| | : | |
| KISHA PERKINS | : | |

# GOVERNMENT'S MOTION FOR OPENING STATEMENTS AND MEMORANDUM IN SUPPORT

The United States hereby moves that the parties be permitted to make opening statements in this matter, following the introduction of the case and any preliminary instructions by the Court.

The decision whether to permit "[a]n opening statement is a matter for the discretion of the court." *United States v. Young & Rubicam, Inc.*, 741 F. Supp. 334, 352 (D. Conn 1990); *see also United States v. Salovitz*, 701 F.2d 17, 20 (2d Cir. 1983); *United States v. Evans*, 629 F. Supp. 1544, 1546 (D. Conn 1986). The court's discretion "must be guided by the purpose of a trial: to permit a [party] a fair opportunity to present its case." *Young & Rubicam, Inc.*, 741 F. Supp. at 352 (citing *Evans*, 629 F. Supp. at 1544).

Opening statements are warranted when they will "help jurors better understand the evidence when it is introduced." *Id*. at 353. Indeed, clarity – as opposed to confusion – is the hallmark of any fairly contested adversarial proceeding. Opening statements provide the jury with a preview, or a "table of contents," that succinctly sets forth each party's view of the evidence, the witnesses, the charges and the defenses. Once oriented, it will be easier for the jurors to understand what is to follow and, as a result, be in a far better position to perform their roles as the finders of fact.

Factors that should inform a district court's discretion include the nature of the case, the volume of anticipated evidence, the anticipated length of the trial and the complexity of the issues presented. Applying these principles here, opening statements by the parties will be essential to give the jurors an understanding of the case they are about to hear.

First, the defendant has been charged in a two count Indictment. Count One charges the defendant with offering a bribe to a public official with the intent to influence the official to do an act and omit to do an act in violation of the public official's official duties in violation of 18 U.S.C. § 201(b)(1). Count Two charges the defendant, a public official, with agreeing to accept a bribe in return for being induced to do an act and omit to do an act in violation of her official duty in violation of 18 U.S.C. § 201(b)(2). This legal concepts involved with these charges can be challenging to attorneys let alone the average citizen called to serve on the jury.

Second, the bribe schemes charged in the indictment involve some level of factual complexity, having to do with different inmates at a federal correctional facility, at different periods of time and involving different roles by the defendant and the public official to whom defendant is alleged to have offered a bribe in Count One. The evidence in the case involves multiple hours of undercover recordings and is expected to last approximately two weeks.

Against this backdrop, opening statements are critical to provide context to the jury at the outset of a lengthy and legally challenging proceeding. Not surprisingly, courts and commentators have emphasized the significant and traditional role that openings play at trial. The Ninth Circuit, for instance, in a widely quoted passage, has observed:

> The practice of permitting attorneys to make opening statements is a practice long accepted as established and traditional in jury trials. It has the practical purpose of directing the attention of the jurors to the nuances of the proposed evidence in such a way as to make the usual piecemeal presentation of testimony more understandable as it is

> received. Defense counsel in a criminal case is ordinarily more likely than is the trial judge to have a total grasp of the evidence and the inferences to be drawn therefrom. Defendant's are entitled to rely on the failure of the evidence of the prosecution and therefore defense counsel may, as an opening statement, content himself with point out what fact the Government witnesses will not be able to testify to. We strongly believe that the well established and practical custom of permitting opening statements by counsel at jury trials should be continued in the district courts of this circuit.

*United States v. Stanfield*, 521 F.2d 1122, 1125-26 (9th Cir. 1975); *see also United States v. Hershenow*, 680 F.2d 847, 858 (1st Cir. 1982); James R. Lucas, Opening Statement, 13 U. Haw. L. Rev. 349 (1991).

Wherefore, the government respectfully moves the court for an order allowing the parties to make opening statements.

DEIRDRE M. DALY
UNITED STATES ATTORNEY

/s/     *Susan L. Wines*
SUSAN L. WINES
ASSISTANT UNITED STATES ATTORNEY
157 Church Street
New Haven, Connecticut 06510
Tel. (203) 821-3700
Federal Bar No. phv2379

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 27, 2015, a copy of the Government's Motion for Opening Statements and Memorandum in Support was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      */s/ Susan L. Wines*
      _____
      SUSAN L. WINES
      ASSISTANT UNITED STATES ATTORNEY